Citation Nr: 1527840 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 11-24 562 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for bilateral tinnitus.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A.P. Armstrong, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1962 to March 1963 and from February 1965 to November 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The claim of service connection for tinnitus was denied by the Board in September 2014. The Veteran appealed, and the Court of Appeal for Veterans Claims remanded the case to the Board in March 2015 pursuant to a Joint Motion for Remand.

The Board notes that the issue of service connection for hypertension had been remanded in September 2014. Because of the appeal to the Court, the RO has not yet had the opportunity to accomplish the requested development on that claim. The Board simply reminds the RO that such claim remains pending before them. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The March 2010 VA examiner provided a negative conclusion on the tinnitus claim but did not give any reasons or bases for the conclusion. An addendum opinion is needed. See Stefl v. Nicholson, 21 Vet. App. 120 (2007).

Accordingly, the case is REMANDED for the following action:

1. Forward the claims file to the March 2010 VA examiner, or another appropriate examiner if that examiner is unavailable, to provide an addendum opinion on the tinnitus claim. The examiner should address the following: 

a. Is the Veteran's current tinnitus at least as likely as not related to noise exposure in service? Why or why not?

Please note the Veteran's report of noise exposure from large ammunition fire in service and the onset of tinnitus as "a long time ago." The examiner must consider all relevant lay and medical evidence and provide reasons and bases for the opinion. 

If the needed opinion cannot be provided without resort to speculation, court cases require the examiner explain why the opinion cannot be offered, and state whether the inability is due to the absence of any evidence or to the limits of scientific or medical knowledge.

2. If any benefit sought on appeal remains denied, issue a Supplement Statement of the Case, and return the case to the Board if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).